**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Roberto Miranda Moya,

Petitioner

v.

Todd Blanche, et al.,

Respondents

Case No.: 2:26-cv-02128-JAD-BNW

**Order Granting Habeas Petition**

[ECF No. 9]

Roberto Miranda Moya is a Cuban citizen who came to the United States in 2016 and was ordered removed on March 3, 2026. He is currently detained at the Nevada Southern Detention Center (NSDC) in Pahrump, Nevada, awaiting his removal. Moya seeks a writ of habeas corpus, contending that his detention is unlawful under *Zadvydas v. Davis*,[1] the government failed to follow its own regulations when it arrested him, and the government's intention to remove him to a third country violates his due-process rights. Because there is no indication that Moya's removal is reasonably foreseeable, I grant his petition and order his release.

## Background

Petitioner Roberto Miranda Moya was born in Cuba and entered the United States in 2016, seeking political asylum.[2] On October 20, 2025, Moya was arrested by local law enforcement on domestic-battery charges.[3] Immigration and Customs Enforcement (ICE) officials lodged an immigration detainer and took him into federal custody that same day.[4]

---

[1] *Zadvydas v. Davis*, 533 U.S. 678 (2001).

[2] ECF No. 9-2 at 3.

[3] *Id.*

[4] *Id.*

Moya was ordered removed to Cuba on March 3, 2026.[5] He filed an appeal to the Board of Immigration Appeals (BIA), but it was summarily denied as untimely on May 18, 2026.[6] Moya remains detained at NSDC.

## Discussion

### A. This court has habeas jurisdiction over Moya's claims.

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[7] That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under the United States' immigration laws.[8] I have repeatedly rejected the respondents' arguments, raised again here, that this court does not have jurisdiction to resolve *Zadvydas* claims under 8 U.S.C. §§ 1252(g) or 1252(b)(9), so I do not repeat that analysis.

### B. Moya has shown that he is entitled to relief on his prolonged-detention claim.

#### *1. The government has authority to detain noncitizens after they have been ordered removed.*

The Immigration and Nationality Act (INA) and its implementing regulations establish a complex set of rules governing the government's authority to arrest, detain, order removed, and deport noncitizens. 8 U.S.C. § 1231(a) governs the detention of noncitizens who have been ordered removed. It establishes a 90-day "removal period" that begins on "(i) the date the order of removal becomes administratively final, (ii) if the removal order is judicially reviewed and if a

---

[5] ECF No. 10-1.

[6] ECF No. 9-1.

[7] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2).

[8] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

court orders a stay of the removal of the [noncitizen], the date of the court's final order," or (iii) the date the noncitizen is released from non-immigration detention.[9] During that 90-day period, detention is mandatory.[10] The statute gives the government the ability to detain a noncitizen beyond that 90-day removal period under § 1231(a)(6) if he is inadmissible; removable "as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy,"[11] or has been determined "to be a risk to the community or unlikely to comply with the order of removal."[12] If those conditions aren't met, the government may release the noncitizen "subject to certain terms of supervision."[13]

***2. The Supreme Court has limited the government's statutory authority to indefinitely detain noncitizens awaiting removal.***

Section 1231(a)(6) contains no limit on the length of time that a noncitizen may be held after his removal order becomes final. But in *Zadvydas v. Davis*, the United States Supreme Court rejected the government's contention that noncitizens can be held indefinitely under § 1231(a)(6) because that interpretation "would raise a serious constitutional problem" under the Fifth Amendment's due-process clause.[14] To avoid those constitutional concerns, the High Court interpreted the statute to permit continued detention only if a noncitizen's removal is "reasonably foreseeable."[15] It determined that six months of post-removal-period detention is

[9] 8 U.S.C. § 1231(a)(1)(B).

[10] 8 U.S.C. § 1231(a)(2)(A).

[11] *Zadvydas*, 533 U.S. at 682.

[12] 8 U.S.C. § 1231(a)(6).

[13] *Zadvydas*, 533 U.S. at 682 (quoting 8 U.S.C. § 1231(a)(6)) (cleaned up).

[14] *Id.* at 690.

[15] *Id.* at 699.

presumptively reasonable.[16] But after six months, the noncitizen must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" to show that his prolonged detention exceeds the government's statutory authority and that he should be released from ICE custody.[17] If the noncitizen meets that burden, "the government must respond with evidence sufficient to rebut that showing."[18] And as "the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."[19]

***3. Moya's detention is not presumptively reasonable because the government has shown no indication that it is trying to remove him.***

Moya's removal order became final on May 18, 2026, when his BIA appeal was summarily dismissed.[20] So Moya has been detained under a final order of removal for about four months and 19 days. That's within the six-month period that the Court in *Zadvydas* found presumptively reasonable. But, as many district courts have concluded, *Zadvydas* did not preclude detainees from challenging their detention before that six-month period elapses.[21] By creating a presumptively reasonable period, the Court left open the possibility that a noncitizen

---

[16] *Id.* at 701.

[17] *Id.*

[18] *Id.*

[19] *Id.* (cleaned up).

[20] ECF No. 9-2 (summary dismissal under 8 C.F.R. § 1003.1(d)(2)(i)(G)); 8 C.F.R. § 1003.1(d)(2)(iii) ("An order dismissing any appeal [under] this paragraph (d)(2) shall constitute the final decision of the Board, and 'the final order of removal' for purposes of section 242(b)(1) of the Act.").

[21] *See Vijani v. Mattos*, 2026 WL 560209 (D. Nev. Feb. 27, 2026); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) (noting that the "six-month presumption is not a bright line" and "*Zadvydas* did not automatically authorize all detention until it reaches its constitutional limits").

could rebut that presumption. *Zadvydas* ultimately instructed courts to ask whether a noncitizen's detention has "exceed[ed] a period reasonably necessary to secure removal."[22] In cases in which a noncitizen's removal is impossible, that period may end before the six-month presumptively reasonable period ends.[23]

I find that this is one of those cases. Moya has shown that the likelihood of the United States successfully deporting him and other Cuban citizens like him is infinitesimal. Several courts across the country have found the same, especially for noncitizens like Moya with criminal convictions.[24] The government does not contend that it is taking any steps to effectuate his removal to Cuba, and it concedes that it not intending to remove him to a third country.[25] Under these circumstances in which the government essentially admits that it is not pursuing Moya's removal, his detention is not reasonably necessary to secure removal. So I order his release under reasonable conditions of supervision, and I do not address his remaining claims.

## Conclusion

IT IS THEREFORE ORDERED that petitioner Roberto Miranda Moya's petition for a writ of habeas corpus under 28 U.S.C. § 2241 **[ECF No. 9] is GRANTED. Petitioner Roberto Miranda Moya must be released from detention subject to reasonable conditions of supervision. Imposition of those conditions must not impede Moya's timely release.**

IT IS FURTHER ORDERED that respondents must file and serve on defense counsel:

---

[22] *Zadvydas*, 533 U.S. at 699–700.

[23] *See Zavvar v. Scott*, 2025 WL 2592453, at *5 (D. Md. Sept. 8, 2025).

[24] *See, e.g.*, *Veiga v. Bondi*, 2025 WL 3526067, at *1 (W.D. Wash. Dec. 9, 2025); *Perez Canet v. Blanche*, 2026 WL 1091763, at *1 (D. Nev. Apr. 22, 2026).

[25] ECF No. 10 at 10.

(1) notice of the date, time, and location of Moya's release at least 24 hours before the release is set to occur, and

(2) within four days of this order, notice that Moya's release was effectuated.

IT IS FURTHER ORDERED that **the federal respondents are enjoined from re-detaining Roberto Miranda Moya absent proof that his removal to a specific country is reasonably foreseeable.**

IT IS FURTHER ORDERED that counsel for respondents is directed to immediately provide notice of this order to the restrained parties they represent.

**The Clerk of Court is directed to CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
October 8, 2026